NOT DESIGNATED FOR PUBLICATION

No. 116,238

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD ANTHONY BRISCOE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed September 1, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek L. Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER, J., and STUTZMAN, S.J.

*Per Curiam*:  A jury convicted Ronald Anthony Briscoe of five crimes related to the distribution of methamphetamine. In this direct appeal, Briscoe challenges the district court's decision to admit into evidence parts of a recording of conversations regarding a drug deal. Finding no reversible error, we affirm.

We provide a few underlying facts as background. A criminal informant arranged to purchase methamphetamine from Michelle Miller, then met Miller at a hotel room where they waited for delivery of the methamphetamine. That informant wore a wire which recorded various conversations. Over the course of 45 minutes, Miller made

1

numerous phone calls to the source of the methamphetamine. To reassure the criminal informant, Miller revealed that Briscoe was the source. After Briscoe arrived, the criminal informant gave Briscoe money that had been provided by law enforcement and got methamphetamine from Briscoe. Law enforcement officers then arrested Briscoe and Miller.

Before and during the trial, Briscoe objected to the admission of a recording created from the wire the criminal informant had worn during the drug deal. Briscoe argued that parts of the recording were inadmissible because the recording included Miller's phone conversations with an unidentified individual. The district court overruled Briscoe's objection based on the coconspirator exception to the hearsay rule and played the recording for the jury. Briscoe admitted that he had had multiple telephone conversations with Miller during the hours leading up to his arrest, but he claimed Miller was calling him to arrange a ride from the hotel and that he went to the hotel only to give Miller a ride.

The jury found Briscoe guilty of the following: (1) distribution of methamphetamine; (2) use of a communication facility in the commission of distributing methamphetamine; (3) receipt of proceeds derived from the distribution of methamphetamine; (4) possession of drug paraphernalia; and (5) conspiracy to distribute methamphetamine. Briscoe now appeals the district court's decision to admit the recording into evidence.

Having reviewed the record, we find that the district court properly admitted the recording at issue into evidence under K.S.A. 2016 Supp. 60-460(i)(2). See *State v. Moody*, 35 Kan. App. 2d 547, 559-60, 132 P.3d 985 (2006) (finding statements admissible under the hearsay exception for statements by coconspirators). K.S.A. 2016 Supp. 60-460(i)(2) allows hearsay evidence where the statement was made while "the [defendant] and the declarant were participating in a plan to commit a crime or a civil

2

wrong and the statement was relevant to the plan or its subject matter and was made while the plan was in existence and before its complete execution or other termination." The coconspirator exception is a firmly rooted hearsay exception. See *State v. Swafford*, 257 Kan. 1023, 1040, 897 P.2d 1027 (1995), *modified on other grounds by State v. Swafford*, 257 Kan. 1099, 913 P.2d 196 (1996). Briscoe does not specifically contend that any of the five prerequisites to the proper admission of a coconspirator statement is lacking. See *State v. Bird*, 238 Kan. 160, 176, 708 P.2d 946 (1985), *overruled on other grounds by State v. Davey*, 306 Kan. ___, 397 P.3d 1190 (July 21, 2017). Based on the facts of record and the arguments made by the parties, we find no error in the court's admission of this evidence.

No other issues are raised on appeal.

Affirmed.